### IN THE UNITED STATES DISTRICT COURT FOR THE
### NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| STEPHENSON OIL COMPANY,<br>on behalf of itself and all others similarly<br>situated, | )<br>)<br>)<br>) |
| Plaintiff, | ) |
| vs. | )   Case No.  08-CV-380-TCK-SAJ |
| | )<br>) |
| CITGO PETROLEUM CORPORATION, | )<br>) |
| Defendant. | ) |

### OPINION AND ORDER

Before the Court is Defendant Citgo Petroleum Corporation's Motion to Stay Discovery (Doc. 37), wherein Defendant requests that the Court stay discovery pending the Court's ruling on its Motion to Dismiss (Doc. 38). Plaintiff Stephenson Oil Company objects to the stay of discovery, arguing that Defendant has not shown good cause for a stay.

**I.     Background**

This is a class action lawsuit filed by Plaintiff Stephenson Oil Company ("Stephenson") on behalf of itself and others similarly situated against Defendant Citgo Petroleum Corporation ("Citgo"). The following facts are contained in the Amended Complaint filed September 22, 2008. Stephenson was a distributor of branded Citgo gasoline. Citgo allegedly breached its distributor franchise agreement with Stephenson by systematically discriminating in the application of the open price term set forth in the franchise agreement, charging Stephenson more than other similarly situated distributors. More specifically, Stephenson alleges that Citgo "implemented a practice whereby it secretly and selectively lowered the sales price to a select small group of distributors below the publicly posted rack price . . . to allow these favored distributors to increase their sales of Citgo gasoline, while maintaining the publicly posted rack prices for sales to others," including

Stephenson and other class members. (Am. Compl. ¶ 25.) Due to these breaches, Citgo allegedly overcharged Stephenson and other similarly situated class members millions of dollars for branded Citgo gasoline. The only cause of action asserted is one for breach of contract. Stephenson alleges that Citgo's failure to provide it and other class members the same pricing it provided to other distributors violated the requirement of good faith and fair dealing applicable to the relevant contracts. Stephenson also alleges that Citgo failed to comply with the Oklahoma Uniform Commercial Code's ("OUCC") open term price provision, Okla. Stat. tit. 12A, § 2-305, by failing to set open price terms in good faith.[1]

On October 21, 2008, Citgo filed a motion to dismiss, arguing that (1) the Amended Complaint does not contain allegations sufficient to overcome the strong presumption of good faith;[2] (2) the Amended Complaint does not sufficiently allege a breach of the good faith and fair dealing; and (3) Stephenson's failure to raise its concerns over pricing precludes its claim. Stephenson responded on November 17, 2008, and the motion is ripe for determination.

---

[1] Citgo contends that Stephenson's claim is actually one for "price discrimination" that is more typically brought under antitrust laws. Citgo argues that Stephenson's breach of contract claim presents an issue of first impression under Oklahoma law – namely, whether a purported price discrimination claim can proceed under the Oklahoma commercial code rather than the antitrust laws – and further contends that the legal viability of such a claim is "highly dubious." (Reply in Support of Mot. to Stay 2-3.)

[2] This argument has three subheadings: (1) Stephenson's "price discrimination" claim fails as a matter of law and is not cognizable under the OUCC; (2) Stephenson admits it paid a commercially reasonable price, and (3) Stephenson failed to allege subjective bad faith.

**II.      Motion to Stay Discovery**

Defendant's motion is made pursuant to Federal Rule of Civil Procedure 26(c), which governs motions for protective orders. Rule 26(c) provides that a protective order may be issued "for good cause" and "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." The moving party bears the burden of showing good cause for entry of a protective order. *AG Equip. Co. v. AIG Life Ins. Co.*, No. 07-CV-556-CVE-PJC, 2008 WL 3992789 (N.D. Okla. Aug. 25, 2008) (Cleary, J.). In the context of Rule 26(c), "good cause" requires a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements. *Id.*

Although it is within a district court's discretion to stay discovery pursuant to Rule 26(c) pending the outcome of a dispositive motion, *see Monreal v. Potter*, 367 F.3d 1224, 1238 (10th Cir. 2004), such stays are not routinely granted by this Court or other district courts within the Tenth Circuit. *See TSM Associates, LLC v. Tractor Supply Co.*, No. 08-CV-230-JHP-FHM, 2008 WL 2404818, at *1 (N.D. Okla. June 11, 2008) (McCarthy, J.) ("Unless some compelling reason is presented, in the usual case discovery is not stayed as Defendant requests."); *Kutilek v. Gannon*, 132 F.R.D. 296, 297-98 (D. Kan. 1990) ("The general policy in this district is not to stay discovery even though dispositive motions are pending.") Nonetheless, such stays may be appropriate "where the case is likely to be finally concluded as a result of the ruling thereon; where the facts sought through uncompleted discovery would not affect the resolution of the motion, or where discovery on all issues of the broad complaint would be wasteful and burdensome." *Kutilek,* 132 F.R.D. at 298. Factors that courts may consider in deciding whether to grant a stay of discovery include: "(1) plaintiff's interests in proceeding expeditiously with the civil action and the potential prejudice to

3

plaintiff of a delay; (2) the burden on the defendants; (3) the convenience to the court; (4) the interests of persons not parties to the civil litigation; and (5) the public interest." *Schmaltz v. Smithkline Beecham Corp.*, No. 08-CV-119, 2008 WL 3845260, at *1 (D. Colo. Aug. 15, 2008).

The "good cause" asserted by Citgo is threefold: "(1) the novel nature of the claim asserted, (2) the seriousness of Citgo's potentially dispositive motion to dismiss, and (3) the immense cost and burden discovery would ensue." (Reply in Support of Mot. to Stay 3.)  As to the third reason, Citgo asserts that Stephenson seeks nationwide discovery that will be costly and burdensome to produce.  The countervailing interests identified by Stephenson include: (1) Stephenson's and putative class members' interests in proceeding expeditiously; (2) the gas-purchasing public's interest in preventing similar behavior by Citgo in the future; and (3) the need for discovery of Citgo's pricing data and other materials that are relevant to the central issues in the case. (Resp. to Mot. to Stay 4.)  As to the discovery issue, Stephenson asserts that Citgo is exaggerating the burdensomeness of its requested discovery and that similar discovery has been requested in other cases against Citgo.

The Court concludes that Citgo has not identified "good cause" for staying discovery in this case and that the balance of interests weighs in favor of proceeding with the litigation.  First, the "seriousness" of Citgo's motion to dismiss is not a persuasive reason to stay discovery; every defendant who files a motion to dismiss must have a good-faith basis for doing so.  Based on the Court's initial review of Citgo's motion, there is nothing particularly unique about Citgo's arguments and nothing to suggest that Stephenson's claim is wholly frivolous or clearly lacking in legal support.  Even if Plaintiff's legal theory is "novel," as suggested by Citgo, the Court does not find this to be a sufficient basis to stay discovery in this case.  Second, the Court finds that putative

4

class members and the public have an interest in the case proceeding on a normal course. Finally, the Court is not overly concerned with Citgo's allegation of "burdensome" discovery. As in many cases, Citgo believes that Stephenson's discovery requests are overly broad and must be narrowed. However, these issues can be resolved by agreement or by motions to compel, and these issues do not provide cause to stay discovery altogether. Accordingly, the Court finds that a stay of discovery is not appropriate in this case.

**III.    Case Management Issues**

The parties have submitted memorandums regarding proposed case management (Docs. 40 and 41). In the event its motion to stay discovery is denied, Citgo proposed a schedule that would initially limit discovery to the threshold issue of whether Stephenson can serve as an adequate class representative. Specifically, Citgo proposed that discovery be limited to two depositions for each party on the question of whether there is actually a "similarly situated competitor" of Stephenson. Stephenson contends that this issue goes to the merits of the case and is not a genuine challenge to the "adequacy of class representation" issue. Stephenson further contends that piecemeal discovery is not efficient in this case because issues related to the adequacy of representation overlap with the merits, such that the result of piecemeal litigation will be additional delay and expense to the parties.

The Court concludes that Citgo has presented no compelling reason to initially limit discovery to the question of the adequacy of class representation. In addition, it seems that issues related to the adequacy of representation overlap with the substantive aspects of the case, such that depositions of key individuals may have to be conducted in a piecemeal fashion were the Court to adopt Citgo's proposed schedule. Accordingly, the Court rejects Citgo's proposal to conduct

discovery in phases. The Court will enter a Scheduling Order consistent with Stephenson's proposal following entry of this Order.

**IV.    Conclusion**

Defendant Citgo Petroleum Corporation's Motion to Stay Discovery (Doc. 37) is DENIED. This Order also resolves certain issues presented in the parties' respective memorandums regarding proposed case management (Docs. 40 and 41).

**IT IS SO ORDERED** this 30th day of December, 2008.

_____
**TERENCE KERN**
**UNITED STATES DISTRICT JUDGE**